# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ERIC HORNES,**

**Plaintiff,**

v.  2:06 CV 57
(Maxwell)

**UNITED STATES OF AMERICA,**

**Defendant.**

## ORDER

It will be recalled that on June 8, 2006, *pro se* Plaintiff Michael Eric Hornes, initiated the above-styled civil action by filing a complaint seeking relief against the United States, the Federal Bureau of Prisons, Officer Vance and Officer Connelly, pursuant to the Federal Tort Claims Act.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e)(2) and 1915(A).

After conducting an initial screening and review, Magistrate Judge Seibert determined that summary dismissal of the Complaint was not warranted and, by Order entered October 17, 2006, directed the Defendants to file an answer.

The record in the above-styled civil action reflects that on December 20, 2006, a Notice Of Substitution was filed by the United States, wherein the United States asserted that it should be substituted for Officers Vance and Connelly, in light of the fact that the Federal Tort Claims Act provides that a suit against the United States shall

be the exclusive remedy for persons having claims for damages resulting from the actions of federal employees taken within the scope of their employment.

The record in the above-styled civil action further reflects that, by Order entered December 21, 2006, Magistrate Judge Seibert directed the Clerk of Court to substitute the United States as the sole Defendant herein and to terminate not only Officers Vance and Connelly as Defendants, but also the Federal Bureau of Prisons, since it was not a proper party under the Federal Tort Claims Act.

Thereafter, on December 22, 2006, the United States filed a Motion To Dismiss, Or In The Alternative Motion For Summary Judgment. A Roseboro Notice was issued by Magistrate Judge Seibert on December 22, 2006, and the Plaintiff's Response to the United States' Motion To Dismiss, Or In The Alternative Motion For Summary Judgment was filed on January 25, 2007.

Thereafter, the Plaintiff filed a Motion For Leave To File An Amended Complaint on February 27, 2007, and a Motion For Change Of Venue And Request For Court Assistance on April 6, 2007.

On April 18, 2007, Magistrate Judge Seibert issued a Report And Recommendation, wherein he recommended that the United States' Motion To Dismiss, Or In The Alternative Motion For Summary Judgment be granted; that the Plaintiff's Motion For Leave To File An Amended Complaint be denied; that the Plaintiff's Motion For Change Of Venue And Request For Court Assistance be denied; and that the above-styled civil rights action be dismissed with prejudice.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which

to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to Magistrate Judge Seibert's April 18, 2007, Report And Recommendation have been filed by either party and that this matter is now ripe for review.

Upon consideration of Magistrate Judge Seibert's April 18, 2007, Report and Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on April 18, 2007 (Docket No. 26), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the United States' Motion To Dismiss, Or In The Alternative Motion For Summary Judgment (Docket No. 18) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Plaintiff's Motion For Leave To File An Amended Complaint (Docket No. 22) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the Plaintiff's Motion For Change Of Venue And Request For Court Assistance (Docket No. 24) be, and the same is hereby, **DENIED**. It is further

---

[1]The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

**ORDERED** that the above-styled civil action be, and the same is hereby, **DISMISSED, WITH PREJUDICE**, and **STRICKEN** from the docket of this Court. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendant. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**ENTER:** May 17th, 2007

United States District Judge